CV 07 3972

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MIGUEL MARTE

                                            Plaintiff,

-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner,
Office of Equal Employment Opportunity; WILLIAM PLANETA,
Sergeant, Document Fraud Squad, each being sued individually
and in their official capacities as employees of the NYPD.

                                             Defendants.

-----------------------------------------------------------------X

Complaint

Jury Trial Demand

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 21 2007 ★
LONG ISLAND OFFICE

GLASSER, J.
GO, M.

The plaintiff MIGUEL MARTE, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA, respectfully set forth and allege that:

### INTRODUCTION

1. This is an action for equitable relief and money damages on behalf of the plaintiff MIGUEL MARTE, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of his civil and constitutional rights as a result of the defendants' race and color discrimination.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title

1

VII") providing for injunctive and other relief against discrimination in employment on the basis of race and color;

b. the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

c. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

3. The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern and Southern Districts of New York.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5. Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Westchester County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

## DEFENDANTS

6. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7. Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000e(b), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8. Defendants' RAYMOND W. KELLY, as Police Commissioner; NELDRA M. ZEIGLER, as Deputy Commissioner Office of Equal Employment Opportunity; and WILLIAM PLANETA, Sergeant, Document Fraud Squad.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

11. On or about May 11, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

12. On or about August 25, 2006, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

13. Plaintiff is an African-American Hispanic male employee of the Police

3

Department City of New York ("NYPD").

14. Plaintiff was appointed to the NYPD on or about October 15, 1990, and has since been promoted to Detective Third Grade.

15. Plaintiff alleges that on or about April 4, 2005, he was transferred to the Document Fraud Squad where he is presently assigned.

16. Plaintiff alleges that since that date, he has been working under the supervision of defendant WILLIAM PLANETA (Caucasian male).

17. Plaintiff alleges that since that date, defendant WILLIAM PLANETA has ordered him to work as an undercover although Department strictly prohibits such assignments once the undercover is flipped.

18. Plaintiff alleges that on numerous occasions since his assignment to the Document Fraud Squad, defendant WILLIAM PLANETA has made many discriminatory comments as well as racial slurs in mine and other minorities' presence.

19. Plaintiff alleges that defendant WILLIAM PLANETA made comments about a defendant who was arrested for sexual misconduct who at the time of arrest was found with someone suspected of being a cross dresser. He stated, "Dude, all of these gay people should be killed."

20. Plaintiff alleges that on or about July 13, 2006, defendant WILLIAM PLANETA posted a picture around the outer office he retrieved over the internet using a Department computer, this picture was an African-American male with car battery and radio on top of his head. He joked, "Check out the African I Pod."

21. Plaintiff alleges that shortly thereafter, while on duty in the office, defendant WILLIAM PLANETA made comments about people of Jewish faith stating that, "They think

4

they own everything. Dude, I think the hat makes them do stupid things."

22. Plaintiff alleges that defendant also refers to people of Jewish faith "Curls."

23. Plaintiff alleges that on or about August 8, 2006, Sgt. Planeta was describing a weekend trip to Philadelphia, PA. He stated that he was driving through a primarily rural area with lots of farms when he came to an area where you could see "Chimps," referring the African-Americans.

24. Plaintiff alleges that on or about September 11, 2006, he was assigned with defendant WILLIAM PLANETA and Detective Ross to investigate some cases in the Bronx and Brooklyn, whenever they turned onto a street named Malcolm X Boulevard, the defendant would comment, "Malcolm X and Martin Luther King Boulevards, those streets are nothing but trouble."

25. Plaintiff alleges that shortly thereafter on the same date, when they drove by the Polo Grounds Housing Project, a residential housing development in Harlem, defendant WILLIAM PLANETA commented, "Whose idea was it of putting all of these poor uneducated people in one place?"

26. Plaintiff alleges that on or about October 12, 2006, while investigating a case in the Commonwealth of Pennsylvania, when defendant WILLIAM PLANETA witnessed a group of predominantly African-American and Hispanic children from a day care center walking along the sidewalk and holding a rope. He commented, "Look, they have them in chains."

27. Plaintiff alleges that on or about October 27, 2006, defendant WILLIAM PLANETA along with Detectives Ross, Blancato and he was having lunch up in Columbia County during as assigned training course. The defendant told the plaintiff, "Miguel, look at

5

your flag," pointing to a Dominican Republic flag. He also added, "My flag is not up there, the Swastika."

28. Plaintiff alleges that in or around late November 2006 (after Thanksgiving) as he was signing into work, defendant WILLIAM PLANETA commented, "How was your Thanksgiving? No knives thrown across the table?"

29. Plaintiff alleges that on or about January 8, 2007, as he was signing into work, defendant WILLIAM PLANETA asked him about his weekend. Then commented, "That is good that the Police didn't have to respond?"

30. Plaintiff alleges that defendant WILLIAM PLANETA would constantly refer to certain people as "Dominiricans" which according to him referred are people from the Dominican Republic who were pretending to be Puerto Rican.

31. Plaintiff alleges that on many other occasions, he informed defendant WILLIAM PLANETA that he found his comments and behavior offensive but he ignored his concerns.

32. Plaintiff alleges that on or about March 15, 2007, he complained about the conduct of defendant WILLIAM PLANETA to defendants RAYMOND W. KELLY and NELDRA M. ZEIGLER.

33. Plaintiff alleges that shortly thereafter, defendant WILLIAM PLANETA began to retaliate against him by scrutinizing his investigations.

34. Plaintiff alleges that shortly thereafter, defendant WILLIAM PLANETA began to give him low performance ratings.

35. Plaintiff alleges that shortly thereafter, defendant WILLIAM PLANETA interfered with the process of placing the plaintiff on the "Grid" to be promoted to Detective

Second Grade.

36. Plaintiff alleges that shortly thereafter, defendant WILLIAM PLANETA moved his computer with the incriminating evidence from his office to another office in Brooklyn.

37. Plaintiff alleges that defendants' CITY; RAYMOND W. KELLY; nor NELDRA M. ZEIGLER ever seized defendant WILLIAM PLANETA's computer to secure it for evidence.

38. Plaintiff alleges that defendants' CITY; RAYMOND W. KELLY; nor NELDRA M. ZEIGLER remove defendant WILLIAM PLANETA from the unit despite the plaintiff's as well as other minority employee's allegations against him.

39. Plaintiff alleges that, to this day, he is supervised by defendant WILLIAM PLANETA.

40. Plaintiff alleges that based on the foregoing, that he has been discriminated against by defendants' CITY; RAYMOND W. KELLY; NELDRA M. ZEIGLER and WILLIAM PLANETA due to his race and color.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE AND COLOR DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41. Plaintiff re-alleges paragraphs 1 through 40 and incorporates them by reference as paragraphs 1 through 40 of Count I of this Complaint.

42. Plaintiff alleges that defendant CITY engaged in a pattern and practice of discrimination against his with respect to the terms, conditions and privileges of employment because of the plaintiff's race and color in violation of 42 U.S.C. § 2000e-2.

43. As part of its pattern and practice of employment discrimination defendant

CITY treated plaintiff in a manner indicative of race and color discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

44. The failure of defendant CITY to thoroughly investigate plaintiff's allegations of race and color discrimination.

45. Defendant CITY knew or should have known about race and color discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

46. Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and color discrimination in a clear demonstration of bad faith.

47. That as a result of the discriminatory acts of defendant CITY plaintiff suffered depression and anxiety.

48. Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about April 4, 2005, until this day.

49. As a result of the acts of defendant under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT II
### RETALIATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50. Plaintiff re-alleges paragraphs 1 through 49 and incorporates them by reference as paragraphs 1 through 49 of Count II of this Complaint.

51. Plaintiff alleges that defendant CITY engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

52. That as a result of the illegal acts of defendant CITY plaintiff suffered depression and anxiety.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporates them by reference as paragraphs 1 through 52 of Count III of this Complaint.

54. Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards plaintiff as a result of his opposition to race and color discrimination and as a result of his filing such complaints with the NYPD and the EEOC.

55. That as a result of the severe and hostile acts of the defendant CITY plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## RACE and COLOR DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

56. Plaintiff re-alleges paragraphs 1 through 55 and incorporates them by reference as paragraphs 1 through 55 of Count IV of this Complaint.

57. That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA acting individually and acting in their capacities as public officials of defendant CITY interfered with

plaintiff's right to enforce contracts under the color of State Law.

58. That the purpose of defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

59. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

60. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT V
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

61. Plaintiff re-alleges paragraphs 1 through 60 and incorporates them by reference as paragraphs 1 through 60 of Count V of this Complaint.

62. Plaintiff alleges that defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA engaged in various retaliatory actions against his acting individually and in their capacities as public officials of defendant CITY as a result of his opposition to race and color discrimination.

63. That the purpose of defendants' RAYMOND W. KELLY; NELDRA M.

ZEIGLER; and WILLIAM PLANETA in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

64. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

65. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

66. Plaintiff re-alleges paragraphs 1 through 65 and incorporates them by reference as paragraphs 1 through 65 of Count VI of this Complaint.

67. Plaintiff alleges that defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA engaged in various severe and hostile actions against his acting individually and in their capacities as public officials of defendant CITY as a result of his opposition to race and color discrimination.

68. That the purpose of defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

11

69. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

70. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VII
## RACE and COLOR DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

71. Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as paragraphs 1 through 70 of Count VII of this Complaint.

72. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

73. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such race and color discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life,

liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

74. Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

75. Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

76. Defendants' acted in an outrageous and systematic pattern of race and color discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about April 4, 2005, until this day.

77. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

78. Plaintiff re-alleges paragraphs 1 through 77 and incorporates them by reference as paragraphs 1 through 77 of Count VIII of this Complaint.

79. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

80. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA acting individually and in their official capacities as public officials of

defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such race and color discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

81. Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

82. Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

83. Defendants' acted in an outrageous and systematic pattern of race and color discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about April 4, 2005, until his termination.

84. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

85. Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as paragraphs 1 through 84 of Count IX of this Complaint.

86. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and

14

WILLIAM PLANETA under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

87. Defendants' RAYMOND W. KELLY; NELDRA M. ZEIGLER; and WILLIAM PLANETA acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such race and color discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

88. Defendants' in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

89. Defendants' in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

90. Defendants' acted in an outrageous and systematic pattern of race and color discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about April 4, 2005, until his termination.

91. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

15

claims herein.

## COUNT X
## RACE and COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

92. Plaintiff re-alleges paragraphs 1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count X of this Complaint.

93. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.

## COUNT XI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

94. Plaintiff re-alleges paragraphs 1 through 93 and incorporates them by reference as paragraphs 1 through 93 of Count XI of this Complaint.

95. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

## COUNT XII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

96. Plaintiff re-alleges paragraphs 1 through 95 and incorporates them by reference as paragraphs 1 through 95 of Count XII of this Complaint.

97. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of

race and color. The law also makes it unlawful to create a severe and hostile environment where retaliation, race and color discrimination are encouraged and/or tolerated.

### COUNT XIII
### RACE and COLOR DISCRIMINATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

98. Plaintiff re-alleges paragraphs 1 through 97 and incorporates them by reference as paragraphs 1 through 97 of Count XIII of this Complaint.

99. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color.

### COUNT XIV
### RETALIATION
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-502

100. Plaintiff re-alleges paragraphs 1 through 99 and incorporates them by reference as paragraphs 1 through 99 of Count XIV of this Complaint.

101. The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

### COUNT XV
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-502

102. Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count XV of this Complaint.

103. New York City Administrative Code § 8-502, makes it unlawful to discriminate

17

against any individual in the terms, conditions, or privileges of employment on the basis of race and color. The law also makes it unlawful to create a severe and hostile environment where retaliation, race and color discrimination are encouraged and/or tolerated.

## JURY TRIAL

104.  Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated:     September 21, 2007
           Lake Success, N.Y.

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S160
Lake Success, NY 11042
516-775-9400