UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

MIGUEL MARTE,

                                                  Plaintiff,

             -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal Employment Opportunity; WILLIAM PLANETA, Sergeant, Identify Theft Squad, each being sued individually and in their official capacities as employees of the NYPD.

                                                  Defendants.

---------------------------------------------------------------------- X

**CITY DEFENDANTS' ANSWER**

07 Civ. 3972 (ILG)(MDG)

        Defendants, the City of New York, Raymond W. Kelly, and Neldra M. Zeigler ("City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint along with its sub-parts, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint along with its sub-parts, except admit that plaintiff purports to set forth the basis of venue as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, along with its sub-parts, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5," of the Amended Complaint, except admit that plaintiff is an employee of the City of New York ("City"), in the City's Police Department ("NYPD").

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that the City is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York, and admit that plaintiff has been employed by the City, in the NYPD, from October 15, 1990, until present.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City employs more than fifteen (15) employees.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Raymond W. Kelly is the City's Police Commissioner, that Neldra M. Zeigler is Deputy Commissioner of the NYPD's Office of Equal Employment Opportunity ("OEEO"), and that William Planeta is a Sergeant in the NYPD, and is assigned to the NYPD's Identity Theft Squad.

9. Paragraph "9" of the Amended Complaint consists solely of legal conclusions to which no response is necessary. In the event that this paragraph is found to assert allegations of fact, City defendants deny those allegations.

10. Paragraph "10" of the Amended Complaint consists solely of legal conclusions to which no response is necessary. In the event that this paragraph is found to assert allegations of fact, City defendants deny those allegations.

11. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "11" of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "12" of the Amended Complaint, except admit that the United States Equal Employment Opportunity Commission ("EEOC") has issued a right to sue letter, dated June 21, 2007.

13. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "13" of the Amended Complaint, except admit that plaintiff self-identifies as Hispanic, and that he is an employee of the City in the NYPD.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that plaintiff was appointed to the NYPD on October 15, 1990, and that plaintiff has been assigned to the rank of Detective, Third Grade.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that plaintiff has been assigned to the NYPD's Identity Theft Squad from April 4, 2005, until present.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that Sergeant Planeta is assigned to the NYPD's Identity Theft Squad and that Sergeant Planeta self-identifies as a Caucasian male.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff performs both investigative and undercover work for the NYPD's Identity Theft Squad.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that Sergeant Planeta has used the "Dominirican" in reference to cases where individuals of Dominican national origin are found in possession of credentials (e.g., driver's license, birth certificate) of Puerto Rican individuals.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that on or about February 2, 2007, plaintiff filed a complaint of discrimination with the NYPD's OEEO, and that plaintiff's OEEO complaint made allegations concerning Sergeant Planeta.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint and respectfully refer the Court to the performance evaluations of plaintiff for a complete and accurate statement of their contents.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that Sergeant Planeta is currently assigned to the NYPD's Identity Theft Squad.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint, except admit that Sergeant Planeta is currently assigned to the NYPD's Identity Theft Squad.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. In response to paragraph "47" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "46," of the Amended Complaint as if fully set forth here.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint, except admit that the OEEO investigated plaintiff's complaint to the OEEO concerning Sergeant Planeta.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

56. In response to paragraph "56" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "55," of the Amended Complaint as if fully set forth here.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

59. In response to paragraph "59" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "58," of the Amended Complaint as if fully set forth here.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

62. In response to paragraph "62" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "61," of the Amended Complaint as if fully set forth here.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

67. In response to paragraph "67" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "66," of the Amended Complaint as if fully set forth here.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

72. In response to paragraph "72" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "71," of the Amended Complaint as if fully set forth here.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

77. In response to paragraph "77" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "77," of the Amended Complaint as if fully set forth here.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint, except admit that the NYPD's OEEO investigated plaintiff's complaint to OEEO which made allegations concerning Sergeant Planeta.

81. Deny the allegations set forth in paragraph "81" of the Amended Complaint

82. Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83. Deny the allegations set forth in paragraph "83" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

84. In response to paragraph "84" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "83," of the Amended Complaint as if fully set forth here.

85. Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89. Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90. Deny the allegations set forth in paragraph "90" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

91. In response to paragraph "91" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "90," of the Amended Complaint as if fully set forth here.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93. Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94. Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint, except deny knowledge or information sufficient to form a belief concerning plaintiff's alleged damages.

98. In response to paragraph "98" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "97," of the Amended Complaint as if fully set forth here.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint, and respectfully refer the Court to New York State Executive Law §§ 296, et seq., for a complete and accurate statement of its contents.

100. In response to paragraph "100" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "99," of the Amended Complaint as if fully set forth here.

101. Deny the allegations set forth in paragraph "101" of the Amended Complaint, and respectfully refer the Court to New York State Executive Law § 296 et seq., for a complete and accurate statement of its contents.

102. In response to paragraph "102" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "101," of the Amended Complaint as if fully set forth here.

103. Deny the allegations set forth in paragraph "103" of the Amended Complaint, and respectfully refer the Court to New York State Executive Law §§ 296, et seq., for a complete and accurate statement of its contents.

104. In response to paragraph "104" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "103," of the Amended Complaint as if fully set forth here.

105. Deny the allegations set forth in paragraph "105" of the Amended Complaint, and respectfully refer the Court to the New York City Administrative Code § 8-502 et seq., for a complete and accurate statement of its contents.

106. In response to paragraph "106" of the Amended Complaint, City defendants repeat and re-allege their responses to paragraphs "1," through "105," of the Amended Complaint as if fully set forth here.

107. Deny the allegations set forth in paragraph "105" of the Amended Complaint, and respectfully refer the Court to the New York City Administrative Code § 8-502 et seq., for a complete and accurate statement of its contents.

108. In response to paragraph "108" of the Amended Complaint, City defendants repeat and re-allege their response to paragraphs "1," through "107," of the Amended Complaint as if fully set forth here.

109. Deny the allegations set forth in paragraph "109" of the Amended Complaint, and respectfully refer the Court to the New York City Administrative Code § 8-502 et seq., for a complete and accurate statement of its contents.

110. Paragraph "110" of the Amended Complaint consists solely of legal conclusions to which no response is necessary. In the event that this paragraph is found to assert allegations of fact, City defendants deny those allegations.

### FOR A FIRST DEFENSE:

111. The Amended Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

112. This Court may lack subject matter jurisdiction over some or all of plaintiff's claims.

### FOR A THIRD DEFENSE:

113. The Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE:

114. The Amended Complaint is barred, in whole or in part, by the failure of plaintiff to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**FOR A FIFTH DEFENSE**

115.    Upon information and belief, plaintiff's claim to damages is barred by the failure, in whole or in part, to mitigate damages.

**FOR A SIXTH DEFENSE**

116.    The Amended Complaint is barred in whole or in part by the doctrine of election of remedies or mutually exclusive remedies or both.

**FOR A SEVENTH DEFENSE**

117.    The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**FOR AN EIGHTH DEFENSE**

118.    Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**FOR AN NINTH DEFENSE**

119.    Individual defendants are protected from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

**FOR AN TENTH DEFENSE**

120.    Individual defendants are not subject to suit under Title VII, and, thus, these claims must be dismissed as against individual defendants in their individual capacities.

**FOR AN ELEVENTH DEFENSE**

121.    The City of New York is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742 (1998).

**WHEREFORE,** City defendants request judgment dismissing the Amended Complaint and denying all relief requested therein together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
     January 25, 2008

               **MICHAEL A. CARDOZO**
               Corporation Counsel
                of the City of New York
               Attorney for City Defendants
               100 Church Street, Room 2-184
               New York, New York 10007-2601
               (212) 788-8688
               imendez@law.nyc.gov

         By: **ECF:**    **/s/**
               Ivan A. Mendez, Jr.
               Assistant Corporation Counsel

TO: **JEFFREY L. GOLDBERG, P.C.,**
    Attorneys for Plaintiff
    (By ECF and Regular Mail)

    **WILLIAM PLANETA,**
    Defendant
    (By Regular Mail)

07 Civ. 3972 (ILG)(MDG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| MIGUEL MARTE,<br><div align="right">Plaintiff,</div><br><div align="center">-against-</div><br>THE CITY OF NEW YORK, et al.,<br><div align="right">Defendants.</div> |
| **CITY DEFENDANTS' ANSWER** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for City Defendants<br>100 Church Street, Room 2-184<br>New York, N.Y. 10007-2601<br><br>Of Counsel:  Ivan A. Mendez, Jr.<br>Tel:  (212) 788-8688<br><br><br>Matter No.: 2007-030470 |
| *Due and timely service is hereby admitted.*<br><br>*Dated:* New York, N.Y.  ......................................, 2008<br><br>Signed:  ..............................................................<br><br>Attorney for..............................................................|